UNITED STATES of America,
Plaintiff—Appellee

v.

Daron YOUNG, Defendant—Appellant

No. 00–10484.

D.C. No. CV–99–00089–DFL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided July 17, 2001.

Before SNEED, WARDLAW and
BERZON, Circuit Judges.

MEMORANDUM *

Daron Young appeals his convictions
and sentence for one count of conspiracy
to distribute cocaine base, and three
counts of distribution of cocaine base. We
reverse the convictions and remand for
new trial. Because the facts are familiar
to the parties, we recount them only as
necessary to explain our decision.

Government's Exhibit 10, the re-
cording of the July 14, 1998, conversation
between Otis Davis and Barbara Boyce at
Davis' home, was improperly admitted
against Young. For a statement by a

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

714

coconspirator to be admissible against a defendant under Fed.R.Evid. 801(d)(2)(e), the government must show by a preponderance of the evidence that "a conspiracy existed *at the time the statement was made.*" *United States v. Bowman,* 215 F.3d 951, 960 (9th Cir.2000) (emphasis added). The government submitted no evidence suggesting that Davis had discussed selling cocaine with any person other than Boyce before this communication took place. Moreover, the communication itself was apparently—as the district court observed about an earlier discussion that same day—"just a conversation between Boyce and Mr. Davis, and it precedes the time at which Davis is starting to deal with others."

■ Because the government thus failed to show that parties other than Boyce and Davis were then involved in arranging the drug transactions, and because Boyce, a government informant, cannot be deemed a coconspirator, *United States v. Escobar de Bright,* 742 F.2d 1196, 1199–1200 (9th Cir.1984), we conclude that the district court clearly erred in its implicit finding that a conspiracy existed at the time the conversation occurred.

■ The government does not argue that the erroneous admission was harmless, and therefore waives that defense. *United States v. Vallejo,* 237 F.3d 1008, 1026 (9th Cir.2001). Accordingly, we vacate all four convictions, and remand for new trial.

REVERSED and REMANDED for further proceedings.